IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00405-JLK-MEH

NICK LYNCH,

    Plaintiff,

v.

ADAM BARRETT,
SGT. KENFIELD,
ERIC GOLLADAY, and
MICHAEL MORELOCK,

    Defendants.

---

## ORDER ON DEFENDANTS' MOTION TO STRIKE

---

Pending before the Court is Defendant's Motion to Strike [filed April 26, 2010; docket #66]. The motion is referred to this Court for disposition. (Docket #68.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Strike.[1]

The Court incorporates by reference the Background and Material Facts stated in its recommendation on Defendants' Motion for Summary Judgment. In the matter at hand, Defendants request the Court to strike Exhibit 3 and portions of paragraphs 2-3 of Exhibit 4, attached to Plaintiff's response to the motion for summary judgment. (*See* docket #66.) Exhibit 3 is titled "Officer Abbegayle Dorn 06046 Audio and video" and identified as "a synopsis of [the] interview" regarding the night of the incident in this matter. (Docket #55-1 at 9.) Exhibit 4 is an affidavit

---

[1] The Motion to Strike is not dispositive; accordingly, the Court issues an order, not a recommendation. *See* D.C. Colo. LCivR 72.1C.

stated by Plaintiff, and paragraphs two and three read as follows:

> 2. After a while, the officers discovered where I was hiding and so I rose up from behind the bushes, put my hands in the air, and turned around so they could arrest me. A stocky officer who was approximately 5'10" tall threw me facedown into the bushes. I saw Officer Barrett in his deposition and he is the approximate height and body type of the officer who threw me into the bushes.
> 3. Either that officer, or another officer, struck me several times in the back of my left thigh and ankle. Attached to my affidavit are black-and-white copies of color photographs showing the bruising to my left thigh. In the color photographs, I can make out six separate welts indicating that I was struck at least six times in the thigh.

(Docket #55-1 at 10-11.)

Defendants assert that the content within these exhibits is not admissible for summary judgment purposes, because Exhibit 3 contains unauthenticated hearsay and Exhibit 4 contains unreliable self-serving statements. (Docket #66 at 3.) Defendants contend Exhibit 3 is an unsworn statement, is not a certified transcript, and was not reviewed by Officer Dorn for accuracy. As such, Defendants believe this document should be stricken. (*Id.*) Defendants argue that the content of paragraphs two and three of Plaintiff's affidavit contradicts Plaintiff's deposition testimony and represent "an attempt to create a sham fact issue regarding Officer Barrett's alleged involvement in Plaintiff's arrest." (*Id.* at 4.) The Court agrees with Defendants regarding Exhibit 3 and disagrees regarding paragraphs two and three of Exhibit 4.[2]

Plaintiff contends that Fed. R. Evid. 803(8)(C) permits the inclusion of Officer Dorn's interview synopsis, as "an investigation made pursuant to authority granted by law." (Docket #67 at 2.) Rule 803(8)(C) provides that "in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information

---

[2]In any event, this Court relied on neither exhibit in its recommendation on Defendants' Motion for Summary Judgment.

2

or other circumstances indicate lack of trustworthiness," may serve as a hearsay exception. Defendants argue, and the Court agrees, that the "synopsis" does not contain factual findings, which is the base requirement for the invocation of Rule 803(8)(C). Exhibit 3 provides a supposed summary of an interview with Officer Dorn from the perspective of the interviewer who does not have personal knowledge of the disputed event, and taken at face value in its form as attached to the response, includes no certification of truth or authenticity and does not identify the individual who summarized the interview, other than as "Internal Affairs." (*See* docket #55 at 3, ¶ 41.) Thus, the Court concludes that this exhibit should be stricken as containing inadmissible hearsay.

Regarding paragraphs two and three of Plaintiff's affidavit, after review of the record, the Court concludes that the statements are not in opposition to those made by Plaintiff during his deposition. Defendants primarily dispute the inference in Plaintiff's statement regarding Officer Barrett, in that Plaintiff alludes to Officer Barrett as "the approximate height and body type of the officer who threw [him] into the bushes." (*See* docket #69 at 5.) Fed. R. Civ. P. 56(e)(1) provides that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." The Court believes Plaintiff's affidavit meets these three requirements. Moreover, review of Plaintiff's deposition excerpt provided by Defendants produces no different result. True, Plaintiff may not have explicitly drawn a comparison to Officer Barrett during his deposition, but no such question was asked of him. The Court finds that such statement now presented in his affidavit is not contradictory to Plaintiff's earlier testimony and thus, is not a "sham fact." Therefore, the Court concludes that this exhibit is permissibly included in Plaintiff's response.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Strike [filed April 26, 2010; docket #66]. Exhibit 3 to Plaintiff's Response, located at Docket #55-1 at 9, is hereby **STRICKEN** as containing inadmissible hearsay.

Dated at Denver, Colorado this 9th day of June, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge