IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge John L. Kane

Civil Action **No. 09-cv-00405-JLK-MEH**

**NICK LYNCH ,**

    Plaintiff

v.

**ADAM BARRETT,**
**SGT. KENFIELD**
**ERIC GOLLADAY**, and
**MICHAEL MORELOCK,**

    Defendants.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KANE, J.

    At around midnight on March 29, 2008, Plaintiff Nick Lynch initiated a physical altercation with Justin Henkenberns while they were waiting to enter a nightclub in downtown Denver. After landing a few punches, Plaintiff fled the scene with Henkenberns on his trail. Plaintiff witnessed Henkenberns attempting to flag a police officer and noticed an officer heading towards him; so he ran down an alley, jumped over a gate into a parking lot, and hid in some bushes. Plaintiff emerged from the bushes after he saw five or six police officers enter the fenced area behind the Volunteers for America building where he was hiding. He was immediately apprehended and arrested by police officers.

    Plaintiff brought this suit against four Denver Police Officers based on their alleged conduct during and after his arrest. Plaintiff's first claim asserts, under 42 U.S.C. § 1983, that

1

one or two of Defendant police officers used excessive force in arresting him.  Amended Compl. (Doc. 30) at ¶¶ 9-16.  His second claim avers that Defendants continue to engage in a "conspiracy of silence," preventing his access-to-court for his first claim.  *Id.*  Plaintiff also seeks punitive damages from Defendant officers.  *Id.* at ¶¶ 17-18.

After the completion of discovery, Defendants moved for summary judgment on both of Plaintiff's claims on the basis of qualified immunity.  Defendants' Motion for Summary Judgment (Doc. 54) at 1.  Pursuant to my order of referral (Doc. 68), Magistrate Judge Hegarty submitted proposed findings of fact and recommended that Plaintiff's first claim be allowed to go forward and that the second claim be dismissed without prejudice.  Rec. on Defendants' Motion for Summary Judgment (Doc. 70) at 13-14.  Plaintiff objects to the partial grant of the motion, Plaintiff's Objection to Magistrate's Rec. (Doc. 72) at 2, and Defendants object to the partial denial of the motion.  Defendants' Objections to Rec. on Defendants' Motion for Summary Judgment (Doc. 74) at 1.  Pursuant to 28 U.S.C. § 636(b)(1), I must make a de novo determination of those portions of Magistrate Judge Hegarty's recommendation to which objection is made.  Because, taken together, the parties' objections cover Magistrate Judge Hegarty's entire recommendation, I review Defendants' summary judgment motion de novo.  I grant Defendants' Motion for Summary Judgment in part and deny it in part.

## LEGAL STANDARD

A motion for summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(c)(2); *Adamson v. Multi. Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008).

The moving party bears the initial burden of identifying the basis for its motion and the supporting evidence it believes demonstrates a lack of genuine issue as to any material fact. *Id.* at 1145; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can carry this burden by either (1) producing evidence that negates an essential element of the nonmoving party's claim or (2) by showing that the nonmoving party does not have sufficient evidence to carry its burden of persuasion at trial. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002).

Once the moving party has met its initial burden, the burden shifts to the non-moving party, and it must demonstrate more than "some metaphysical doubt" as to the material facts in order to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is material if it could affect the outcome of the suit under governing law; a dispute of fact is genuine if a rational jury could find for the nonmoving party on the evidence presented. *Adamson*, 514 F.3d at 1145. A court must draw all reasonable inferences in favor of the non-moving party. *Id.* Neither unsupported conclusory allegations nor mere scintilla of evidence, however, are sufficient to create a genuine dispute of material fact on summary judgment. *See Mackenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).

## DISCUSSION

### I. Excessive Force Claim

*A. Summary of Facts in the Light Most Favorable to Plaintiff*

Defendants object to many of Magistrate Judge Hegarty's findings of fact. *See* Defendants' Objections to Rec. on Defendants' Motion for Summary Judgment (Doc. 74) at 2-5.

3

The facts, viewed in the light most favorable to Plaintiff, however, show that Plaintiff experienced at least some injury during his arrest and that Defendants were in the vicinity during and after the arrest. Defendants' Motion for Summary Judgment (Doc. 54) at 4-11. Plaintiff's friend Cory Steiner claims to have seen four officers striking Plaintiff while Plaintiff was in the bushes. Steiner Aff. (Doc. 55-2) at 6-7. Another of Plaintiff's friends, Cory Franek, who happened on the scene but was not with Plaintiff during any of the incidents leading up to his arrest, alleges to have seen Officer Barrett telling a story to another officer outside of the police van using hitting and kicking motions. Franek Aff. (Doc. 55-2) at 12. Plaintiff has also submitted pictures of welts on his leg that were taken the day he was released from custody. Lynch Aff. (Doc. 55-4) at ¶ 3. Defendants do not dispute that Plaintiff was the victim of excessive force; each merely denies actually witnessing the arrest or taking part in it. Defendants' Motion for Summary Judgment (Doc. 54) at 8-9. Plaintiff cannot identify the officer who cuffed him and hit him, but he provides circumstantial evidence that it was one or two of the Defendants and that the others witnessed the incident. *Id.* at 6-9, 11. The following defendant-specific summaries set forth the evidence regarding the location and activities of each officer during Plaintiff's arrest.

*Officer Barrett*

Officer Barrett responded to 1900 Market Street with his partner Officer Dorn on the night Plaintiff was arrested. Barrett Dep. (Doc. 54-2) at 24-27. When they arrived at the scene, one or two police cars were already present. *Id.* at 30. Officer Barrett helped Officer Morelock get over the Volunteers of America fence first, and then Officer Morelock assisted him. *Id.* at 29. Officer Barrett pulled his weapon out and pointed it toward the bushes at which time he saw

4

Plaintiff start to stand up and another police officer take him down. *Id.* at 30. Officer Barrett then looked for a way to walk out of the enclosed area so they would not have to climb back over the fence. *Id.* at 32-33. Officer Morelock's testimony places Officer Barrett at the scene after Plaintiff was taken into custody. Morelock Aff. (Doc. 54-5*)* at ¶ 13. Plaintiff believes that Officer Barrett may have been the man who threw him into the bushes as he was being arrested. Response to Motion for Summary Judgement (Doc. 55) at 8. In addition, Cory Franek saw Officer Barrett using hitting and kicking motions to explain a story to another officer after Plaintiff's arrest. Franek Aff. (Doc. 55-2) at 12.

*Officer Morelock*

Officer Morelock went over the fence in pursuit of the Plaintiff, but saw "several other" officers already present. *Id.* at ¶ 5. Plaintiff was handcuffed and standing by the time Officer Morelock got to him. *Id.* at ¶ 6. Officer Morelock took possession of Plaintiff, but he does not remember who arrested Plaintiff or from whom he took Plaintiff. *Id.* at ¶¶ 6, 8, 13. Officer Barrett heard Officer Kenfield say "we have one in custody," and that he was with 617 and 625, Officers Morelock and Golladay. Barrett Dep. (Doc. 54-2) at 34.

*Officer Kenfield*

Officer Kenfield climbed over the fence to get to Plaintiff. Kenfield Aff. (Doc. 54-4) at ¶ 5. He saw "several officers" already present in the fenced area by the time he made it over the fence. *Id.* Officer Kenfield admits that he was the highest ranking officer on the scene, but he does not remember the specific identities of any of the officers who responded to the call or who were present during Plaintiff's arrest. *Id.* at ¶¶ 7, 11. Officer Barrett heard Sergeant Kenfield say "we have one in custody." Barrett Dep. (Doc. 54-2) at 34. The dispatch tape confirms

5

Officer Barrett's assertion; it recorded Kenfield saying "we have one in custody" and that he thought 17 and 23 were with him. Dispatch Tape Transcript (Doc. 55-5) at track #13. Officer Morelock places Officer Kenfield at the scene after Plaintiff was taken into custody. Morelock Aff. (Doc. 54-5*)* at ¶ 13.

*Officer Golladay*

Officer Golladay has no specific recollection of Plaintiff's arrest, but he recalls that he did not participate in the search for or chase after Plaintiff and that he did not participate in Plaintiff's arrest. Golladay Aff. (Doc. 54-6) at ¶¶ 3-4. Officer Barrett heard Officer Kenfield say "we have one in custody," and that he was with 617 and 625, Officers Morelock and Golladay. Barrett Dep. (Doc. 54-2) at 34. The dispatch tape indicates that Officer Golladay did respond to the call regarding Plaintiff. Golladay Aff. (Doc. 54-6) at ¶¶ 3.

B. *Genuine Issue of Material Fact*

"A court presented with a summary judgment motion based on qualified immunity must first answer a threshold question: 'Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'" *Fogarty v. Gallegos*, 523 F.3d 1147, 1155 (10th Cir. 2008) (*quoting Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The evidence in this case shows that there exists a genuine issue of material fact as to whether each of Defendants violated Plaintiff's constitutional rights by participating in or witnessing Plaintiff's arrest and failing to intervene.

Neither party contests that excessive use of force in the effectuation of an arrest violates the Fourth Amendment. Instead, Defendants argue that Plaintiff has failed to raise a genuine issue of material fact that they actually participated in or witnessed Plaintiff's arrest. Magistrate

Judge Hegarty based his recommendation to allow Plaintiff's excessive force claim on the Tenth Circuit's ruling in *Fogarty*. In *Fogarty*, the Court held that the defendant officers were not entitled to qualified immunity, even though the plaintiff could not identify the individuals who arrested him. *Id.* at 1152, 1156. As Defendants note, many of the facts in *Fogarty* are distinguishable from those of the instant case, Defendants' Objections to Rec. on Defendants' Motion for Summary Judgment (Doc. 74) at 6-9; however, I find the similarities between the facts in *Fogarty* and those in the instant case sufficiently persuasive.

The defendant officers' "individual roles in Fogarty's arrest [were] the subject of a spirited factual dispute," just as they are in the instant case. *Fogarty*, 523 F.3d at 1152. Fogarty was unable to identify the officers who arrested him, but he stated that he saw an officer witnessing the arrest who could have been one of the defendants. *Id.* at 1152-53. Each of the defendant officers denied taking part in the arrest or excessive force used against Fogarty and denied being able to identify any of the officers who did. *Id.* Of particular relevance to this case is that the Tenth Circuit upheld the district court's finding that there was sufficient evidence to create a genuine issue of fact as to whether two of the officers, who claimed they played no role in the arrest of Fogarty, actually did participate. *Id.* at 1165. The only supporting evidence for the district court's finding was the testimony of another officer who stated that he recalled that the officers in question were members of the team charged with arresting the drummers at the protest, one of whom was Fogarty. *Id.* The evidence before me in the instant case is substantially similar to the evidence deemed sufficient by the Tenth Circuit in *Fogarty*.

The Ninth Circuit has also found similar evidence adequate to render summary judgment inappropriate. In *Rutherford v. City of Berkeley*, the Ninth Circuit held that a jury should be

7

allowed to make the inference that the defendant officers participated in the plaintiff's beating, even though the plaintiff could not identify who hit him and defendants denied taking part. 780 F.2d 1444, 1448 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989). Further, the Ninth Circuit has stated: "[I]t is not necessary that direct evidence exists to link particular officers with the assault. It is sufficient to withstand a [motion for summary judgment] if overall questions of credibility and inference exist that might permit the jury to infer participation." *Segal v. Los Angeles Cnty.*, No. 86-6631, 1988 WL 79481, at *1 (9th Cir. 1988) (unpublished).

Even if Plaintiff cannot show that Defendants actually participated in the use of excessive force against him, they may still be liable under § 1983. "An officer who fails to intervene to prevent a fellow officer's excessive use of force may be liable under § 1983." *Fogarty*, 523 F.3d at 1163 (citing *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996)). In order to have a duty to intervene, though, an officer must have the opportunity to intervene. *Id.* Since Plaintiff admits that the arrest occurred in twenty seconds, Defendants assert that they did not have a sufficient opportunity to intervene. Defendants' Objections to Rec. on Defendants' Motion for Summary (Doc. 74) at 11-12. In *Segal*, the Ninth Circuit held that the officers' presence in the vicinity and awareness of the arrest was sufficient evidence for a jury to infer officers may have observed the use of force and failed to prevent it. 1988 WL 79481, at *1. The evidence in this case places Defendants in the vicinity at the time of the arrest and shows they were aware of the arrest. Based on this evidence, a jury could logically infer that Defendants had an opportunity to intervene and failed to do so.

A jury could legitimately infer, based on its own credibility determinations and weighing

8

of the evidence, that Defendants participated in the use of excessive force against Plaintiff or witnessed it and failed to intervene.[1] Defendants are, therefore, not entitled to qualified immunity, since Plaintiff has demonstrated that a genuine issue of material fact exists as to whether Defendants violated his constitutional rights by using excessive force in his arrest or witnessing it and failing to intervene.[2]

## II. Access-to-Courts Claim

In his second claim, Plaintiff alleges that Defendants are preventing him from obtaining meaningful relief by purposefully withholding valuable information regarding his excessive force claim. This is a backwards-looking access-to-courts claim. *See Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002) (distinguishing between backwards-looking and forward-looking access-to-courts claims and defining backwards-looking access-to-courts claims as claims which allege official acts that caused the loss or inadequate settlement of a meritorious claim or the loss of an opportunity to sue or seek some particular order of relief). Many Circuits have recognized backwards-looking access-to-courts claims. *See, e.g.*, *Delew v. Adamson*, 293 F. App'x 504, 506 (9th Cir. 2008) (unpublished); *Kelso v. City of Toledo*, 77 F.App'x 826, 832 (6th Cir. 2003) (unpublished) ("When a state official acts to cover up evidence of governmental misconduct and when these actions prevent a plaintiff from having an 'effective' or 'meaningful' state court remedy, the official thus violates the plaintiff's constitutional right of access to courts.");

---

[1] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . .." *Anderson*, 477 U.S. at 255.

[2] Sergeant Kenfield objects to any supervisory liability to which the court might subject him. Defendants' Objections to Rec. on Defendants' Motion for Summary Judgment (Doc. 74) at 13-14. Plaintiff has not alleged supervisory liability, and therefore, I will not address this objection.

*Harbury v. Deutch*, 233 F.3d 596, 607 (D.C. Cir. 2000), *rev'd on other grounds*, *Christopher*, 536 U.S. 403; *Vasquez v. Hernandez*, 60 F.3d 325, 328-29 (7th Cir. 1995); *Barrett v. United States*, 798 F.2d 565, 575, 578 (2d Cir. 1986). Although the Tenth Circuit has never recognized such a claim,[3] it has acknowledged that a backwards-looking access-to-courts claim is viable. *See Jennings v. City of Stillwater*, 383 F.3d 1199, 1207 (10th Cir. 2004); *Donahue v. Hoey*, 109 F.App'x 340, 356-57 (10th Cir. 2004) (unpublished). As the Court stated, "intentional, bad-faith destruction or concealment of evidence that burdens a plaintiff's ability to access the courts is an unconstitutional denial of access." *Id.* at 357. Plaintiff's access-to-courts claim alleges that his ability to access the courts has been burdened by the concealment of evidence by Defendants. Plaintiff, therefore, has asserted a viable claim.

### A. Ripeness of Claim

Magistrate Judge Hegarty dismissed Plaintiff's access-to-courts claim without prejudice on the basis that, even if it could be asserted in the Tenth Circuit, it is not ripe for review, since Plaintiff has not yet incurred the requisite injury. Rec. on Defendants' Motion for Summary Judgment (Doc. 70) at 9. In *Lewis v. Casey*, the U.S. Supreme Court stated that the actual-injury requirement, a constitutional prerequisite, has not been eliminated for access-to-courts cases. 518 U.S. 343, 351 (1996). Accordingly, as the Seventh Circuit recognizes, an access-to-courts claim is insufficient if it is based on speculation of some unspecified future harm. *Marshall v. Knight*, 445 F.3d 965, 969-70 (7th Cir. 2006). The Ninth Circuit specifically requires a plaintiff

---

[3] Defendants argue in their Motion for Summary Judgment that they cannot be subject to liability under the access-to-courts claim, because it is not clearly established law. Defendants' Motion for Summary Judgment 20; *see Saucier v. Katz*, 533 U.S. 194 (2001). I refrain from addressing this contention, because I am dismissing the access-to-courts claim on other grounds.

to show: "1) the loss of a 'nonfrivolous' or 'arguable' claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Phillips v. Hurst*, 477 F.3d 1070, 1076 (9th Cir. 2007), *vacated and remanded on other grounds*, — U.S. —, 129 S.Ct. 1036 (2009) (*citing Christopher*, 536 U.S. at 413-14).[4]

Although Plaintiff may have already experienced some injury as a result of Defendant's alleged conspiracy to withhold evidence (e.g., increased discovery costs), these injuries are not sufficient to maintain a viable access-to-courts claim, i.e. "the loss or inadequate settlement of a meritorious claim or the loss of an opportunity to sue or seek some particular order of relief." *Christopher*, 536 U.S. at 414. Plaintiff's injury is contingent on the success (or lack thereof) of his excessive force claim. At this point, Plaintiff has merely speculated about "some unspecified future harm" that may occur based on the alleged "conspiracy of silence" among Defendants. In addition, the damages Plaintiff would receive for his access-to-courts claim are presumptively the same as those he would receive for his excessive force claim. Recovery in both claims would, consequently, be superfluous. This fact supports the notion that Plaintiff has not yet experienced the requisite injury to bring his access-to-courts claim. Plaintiff has yet to experience a concrete injury, or denial of meaningful relief, and therefore, his access-to-courts

---

[4] *See also Delew*, 293 F. App'x at 506 (finding that settling a lawsuit for less than what plaintiffs believed was reasonable was sufficient injury); *Vasquez*, 60 F.3d at 328-29 (affirming dismissal of plaintiffs' access-to-courts claim, because they did not allege that they had been prevented from pursuing an action or that the value of an action had been reduced); *Barrett*, 798 F.2d at 575, 578 (holding that settling for less than the case was worth showed significant injury).

claim is unripe.[5]

## B. Plaintiff's Objections

### Alternative Claims

Plaintiff asserts that his excessive force claim and access-to-courts claim are brought under Rule 8(d)(2) as alternative statements of a claim.[6] Plaintiff's Objection to Magistrate's Rec. (Doc. 72) at 2. Plaintiff, however, cannot assert an insufficient claim, even if it is in the alternative. "Rule 8 [only] allows alternative claims to be plead if all of the claims are sufficient on their own." *Sheinman Provisions, Inc. v. Nat'l Deli, LLC*, No. 08-vc-453, 2008 WL 2758029 (E.D. Pa. July 15, 2008), at *4. Plaintiff's access-to-courts claim is not sufficient, because it does not allege that a specific injury has already occurred.

Plaintiff compares his claim to a malicious-prosecution action, in which the civil action cannot accrue until the criminal action terminates in favor of the plaintiff of the malicious-prosecution action. Plaintiff's Objection to Magistrate's Rec. (Doc. 72) at 4. Plaintiff misapprehends the similarity between malicious-prosecution and access-to-courts claims. The similarity is not, as Plaintiff claims, between the element of the malicious-prosecution action requiring the criminal action to terminate in favor of the to-be plaintiff and the element of the access-to-courts claim requiring a jury finding that a plaintiff would obtain relief but for government interference. *Id.* On the contrary, the correct comparison is that the access-to-courts claim similarly cannot accrue until the plaintiff has been injured by the denial of meaningful

---

[5] In dismissing the claim because it is not ripe, I do not imply that if the excessive force claim fails, the access-to-courts claim will automatically be successful.

[6] Fed. R. Civ. P. 8(d)(2) permits a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."

relief. *See Donahue*, 109 F. App'x at 356-57; *Christopher*, 536 U.S. at 414. Thus, as in the malicious-prosecution action, the access-to-courts claim cannot be brought until a previous requirement has been met (i.e., success or failure of a previous action).

*Statute of Limitations*

Plaintiff fears that, if his access-to-courts claim is not brought concurrently with his excessive force claim, the applicable statute of limitations will bar him from bringing his access-to-courts claim at a later date. Plaintiff's Objection to Magistrate's Rec. (Doc. 72) at 4. The statute of limitations will not, however, begin to toll until Plaintiff's injury occurs, i.e. Plaintiff is denied meaningful relief in his excessive force claim because of Defendants' alleged conspiracy.[7] Plaintiff's fear regarding the statute of limitations is unfounded.

*Inefficiency*

Plaintiff objects to dismissal of his access-to-courts claim on the grounds that it would promote inefficiency in the courts. Plaintiff's Objection to Magistrate's Rec. (Doc. 72) at 4.

---

[7] In *Nicholas v. Boyd*, the Tenth Circuit held that the plaintiffs' access-to-courts claim was barred by the statute of limitations since the plaintiffs had all of the information necessary to bring the claim over two years before they actually brought it. 317 F. App'x 773, 778 (10th Cir. 2009) (unpublished). The plaintiffs alleged, in their access-to-courts claim, that the conduct of the police prevented them from bringing a wrongful death action on behalf of their son. *Id.* at 774. To succeed in the underlying wrongful death action, the plaintiffs would have had to prove that their son was fatally injured by "a wrongful act, neglect, or default of another." Colo. Rev. Stat. Ann. § 13-21-202. The plaintiffs asserted that they could not bring the wrongful death action because the police had covered up evidence suggesting that their son was the victim of a homicide and failed to provide them with a suspect for them to sue. *Boyd*, 317 F. App'x at 778. The Tenth Circuit held that the plaintiffs should have brought their access-to-courts claim within two years of when they knew defendants' acts deprived them of the evidence necessary to bring the underlying wrongful death action. *Id.* Plaintiff, in this case, can and has brought the underlying claim on which his access-to-courts claim is based. The statute of limitations will not begin to toll until Plaintiff's injury occurs through the loss or inadequate settlement of his underlying claim.

13

Although this argument has merit, it does not overcome the fact that his access-to-courts claim is not ripe.

### III. Conclusion

Plaintiff has provided sufficient evidence to create a genuine issue of material fact so that a jury could find Defendants participated in his arrest or witnessed it and failed to intervene. Plaintiff has not yet experienced a requisite access-to-courts injury, and thus, the claim is not ripe for review. Accordingly, I adopt Magistrate Judge Hegarty's Recommendation (Doc. 70). Defendants' Motion for Summary Judgment (Doc. 54) is granted in part and denied in part. Plaintiff's First and Third Claims are permitted to proceed, and his Second Claim is dismissed without prejudice. Pursuant to my Order of Reference to Magistrate Judge (Doc. 22), this matter is referred back to Magistrate Judge Hegarty for a pre-trial conference and preparation of a pre-trial order.

Dated: October 5, 2010         BY THE COURT:

                               /s/John L. Kane
                               SENIOR U.S. DISTRICT JUDGE